

Sweet/()

PAUL, HASTINGS, JANOFSKY & WALKER, LLP
Robert L. Sherman (RS 5520)
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 318-6847
robertsherman@paulhastings.com

*Attorneys for Defendant L'Oréal USA, Inc.*

KELLEY DRYE & WARREN LLP
John M. Callagy (JC 8166)
William Golden (WG 9406)
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
jcallagy@kelleydrye.com

*Attorneys for Defendant PRL USA Holdings, Inc.*

BAKER & HOSTETLER LLP
Gerald Ferguson (GF 0370)
Donna Tobin (DT 2430)
45 Rockefeller Plaza
New York, NY 10011
Telephone: (212) 589-4238
Facsimile: (212) 589-4201
gferguson@bakerlaw.com

*Attorneys for Plaintiffs United States Polo
Association, Inc. & USPA Properties, Inc*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-6-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES POLO ASSOCIATION, INC. and
USPA PROPERTIES, INC.,

Plaintiffs,

- against -

PRL USA HOLDINGS, INC. and L'ORÉAL USA, INC.,

Defendants.

Civil Action No. 09-9476 (RWS)

**STIPULATED PROTECTIVE
ORDER**

1.     Purpose. The parties to this action believe that disclosure and discovery activities in

this action are likely to involve the production of certain information that constitutes trade secrets or

other confidential research, development, or commercial information within the meaning of Rule

26(c) of the Federal Rules of Civil Procedure, and that good cause exists for the entry of this order

pursuant to Fed. R. Civ. P. 26(c) to protect such trade secrets and confidential information from public disclosure and from use for any purpose other than this litigation. Accordingly, the parties hereby stipulate to and request the court to enter this Stipulated Protective Order, which shall govern the handling of any information produced or disclosed by any party or non-party in this Action.

  2.   Definitions

   2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

   2.2   Discovery Material: all items or information, regardless of the medium or manner generated, stored or maintained that are produced or generated in disclosures or in response to discovery in this matter, including but not limited to Rule 26 disclosures, documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, testimony, transcripts, and tangible things.

   2.3   Producing Party: a Party or non-party that produces Discovery Material in this action.

   2.4   Receiving Party: a Party that receives Discovery Material from a Producing Party.

   2.5   Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in response to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as defined herein.

   2.6   "Confidential" Discovery Material: Discovery Material that a party believes in good faith contains nonpublic confidential, proprietary, or commercially sensitive information and accordingly qualifies for protection under the standards contained in Fed. R. Civ. P. 26(c).

2.7     "Highly Confidential – Attorneys' Eyes Only" Discovery Material: Discovery

Material that a party in good faith believes contains extremely sensitive information which disclosure

to another Party or non-party would create a substantial risk of competitive or business reputational

injury to the Producing Party (as defined herein), including but not limited to highly sensitive

technical information relating to research for and production of current products; technical, business

and research information regarding future products; highly sensitive financial information, marketing

plans and forecasts, customer lists, pricing data, cost data, customer orders, and customer

quotations; trade secrets; any non-public pending or abandoned patent applications, either foreign or

domestic; and any documents, information, or materials that relate to other proprietary information

that the Producing Party in good faith reasonably believes is of such nature and character that

disclosure of such information to the other Party would result in competitive or business

reputational injury to the Producing Party.

2.8     Protected Material: any Discovery Material that is designated as

"Confidential" or as "Highly Confidential – Attorneys' Eyes Only" as well as any information

copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof,

and testimony, conversations, or presentations by Parties or Counsel to or in court or in other

settings that might reveal Protected Material.

2.9     Outside Counsel: attorneys, and their support staffs, who are not employees

of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party, and their support

staffs.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel, as well as

their support staffs.

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not currently, has not been previously, and is not (at the time of retention) expected to become employed by a Party or a competitor of a Party.

2.13    Industry Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and (i) who is employed in the perfume/fragrance industry, (ii) who is or has been an employee and/or consultant of a Party, or of any of its affiliates, or of a competitor of a Party, in the past five (5) years, or (iii) who at the time of retention, expects to become an employee and/or consultant in the perfume/fragrance industry.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., reprographics, videotaping, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

3.    Duration. The provisions of this Stipulation and Order and this Court's jurisdiction to enforce its terms shall survive the conclusion of this litigation, and the confidentiality obligations imposed by this Stipulation and Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

4.    Designation of Protected Material

4.1    Manner and Timing of Designation. Except as otherwise provided in this Stipulation and Order, or as otherwise stipulated or ordered, the designation of Discovery Material as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" for the purposes of this Stipulation and Order shall be made before the material is disclosed or produced and shall be made in the following manner by the Producing Party:

(a) <u>For information in documentary form</u> (other than transcripts of depositions or other pretrial or trial proceedings), including Rule 26 disclosures, documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other documentary materials and tangible things, by affixing the legend "CONFIDENTIAL" to each thing and each page that contains any Confidential Discovery Material and by affixing the label "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to each thing and each page containing Highly Confidential -- Attorneys' Eyes Only Discovery Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s), *e.g.*, by making appropriate markings in the margin, and must specify for each portion what level of protection is being asserted (*i.e.*, whether "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --ATTORNEYS' EYES ONLY").  If a Producing Party makes documents or other tangible things available for inspection, it need not designate them for protection in advance of the inspection.  For the purposes and duration of the inspection, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL --ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents or things it wants copied and/or produced, the Producing Party shall designate the copies of such documents and things with the appropriate confidentiality marking, in the manner described above, at the time the copies are produced to the Receiving Party.

(b) <u>For depositions or other testimony,</u> either (i) by a statement on the record, by Counsel or by the Party or non-party offering, giving, or sponsoring the testimony, before the close of the deposition, hearing, or other proceeding, identifying all protected testimony and further specifying which portions of the testimony qualify as "CONFIDENTIAL" and which portions of the testimony qualify as "HIGHLY CONFIDENTIAL -- ATTORNEYS EYES

ONLY," or the later of (ii) when it is impractical to identify separately each portion of testimony

that is entitled to protection, and when it appears that substantial portions of the testimony may

qualify for protection, a statement on the record by Counsel or by the Party or non-Party that offers,

gives, or sponsors the testimony, before the close of the deposition, hearing, or other proceeding,

invoking a right to have up to ten (10) business days to identify the specific portions of the

testimony as to which protection is sought and to specify the level of protection being asserted (*i.e.*,

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY"), and (iii)

by written notice, sent by Counsel or by the Party or non-party that offers, gives, or sponsors the

testimony, to all parties within seven (7) business days after receiving a copy of the transcript

thereof.  Each Party shall affix to all originals and copies of transcripts in its possession or control

the appropriate confidentiality designations on each transcript page containing Protected Material.

The parties shall treat all depositions and other testimony as Highly Confidential -- Attorneys' Eyes

Only Discovery Material until seven (7) business days after receiving a copy of the transcript thereof,

after which time only those portions of any transcript designated as "CONFIDENTIAL" shall be

deemed Confidential Discovery Material, and only those portions of any transcript designated as

"HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be deemed Highly

Confidential -- Attorneys' Eyes Only Discovery Material.

    (c) For information produced in some form other than documentary, and for

any other tangible items, by affixing in a prominent place on the exterior of the container(s) in which

the information or item is stored the confidentiality designation (*i.e.*, "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY").  If only portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall identify

the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

        4.2     <u>Exercise of Restraint and Care in Designation of Material for Protection</u>. Each Designating Party must take care to limit any designations to specific material that qualifies under the appropriate standards, and to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that portions for which protection is not warranted are not unjustifiably covered by this Order. Mass, indiscriminate, or routinized designations are prohibited. If it is brought or comes to a Party's or a non-party's attention that material that it designated for protection do not quality for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties in writing that it is withdrawing the mistaken designation.

        4.3     <u>Inadvertent Failures to Designate or Inadvertent Disclosure of Confidential or Highly Confidential Information.</u> An inadvertent failure to designate qualified information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right in whole or in part to secure protection for such material under this Stipulation and Order. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" after the material was initially produced or disclosed but as soon as reasonably possible after the Producing Party becomes aware of the inadvertent production or disclosure, the Receiving Party, on written notification of the designation by the Producing Party, must mark the materials accordingly and must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Stipulation and Order as if they had been initially so designated.

4.4     Inadvertent Disclosure of Privileged Information. The inadvertent production or disclosure of any document or other information (the "Inadvertent Production") that is reasonably believed to be protected from discovery by the attorney-client privilege, work-product or other applicable privileges, shall not constitute or be deemed as a waiver or forfeiture of any such privilege or immunity. If the Producing Party provides written notice that document(s) or other information was inadvertently disclosed, the Receiving Party shall not use for any purpose and shall return or destroy the Inadvertent Production (and all copies, summaries, or other material containing such inadvertently produced privileged material) within seven (7) business days of such notice. If the Receiving Party chooses to destroy rather than return the original and all copies of the Inadvertent Production, it shall confirm such destruction in writing to the Producing Party.

If the Receiving Party wishes to contest the privilege or work-product of the Inadvertent Production, the Receiving Party shall give the Producing Party written notice of the reason for said disagreement. Within seven (7) business days after receiving such notification, the Producing Party shall provide to the Receiving Party, a description of the basis for the claim or privilege or immunity for the Inadvertent Production. Within ten (10) business days after receiving such description, the Receiving Party may file under seal a motion to compel production of the Inadvertent Production, the protection of which is still disputed. If such a motion is filed, the Producing Party shall have the burden of proving that the Inadvertent Production in dispute is protected by the attorney client privilege or work product immunity. With respect to documents and other work product subsequently generated by the Receiving Party, which derivative documents contain information derived from such Inadvertent Production (the "Derivative Documents"), if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work product immunity with respect to the Inadvertent Production, the Receiving Party

-8-

shall either destroy such Derivative Documents or redact from them all such derivative privilege or work product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

The inadvertent, unintentional, or in camera disclosure of Confidential Discovery Material or Highly Confidential -- Attorneys' Eyes Only Discovery Material shall not, under any circumstances be deemed a waiver, in whole or in part, of any claims of privilege or confidentiality.

5.    Challenging Confidentiality Designations. A Party does not waive its right to challenge a confidentiality designation by electing not to challenge promptly after the original designation is disclosed. During the pendency of this action, any Party may object at any stage of these proceedings to the designation of any Discovery Material as Confidential Discovery Material or Highly Confidential -- Attorneys' Eyes Only Discovery Material. In the event that any party disagrees at any stage of these proceedings with the designation by the Designating Party, the parties shall first meet-and-confer in a good faith effort to resolve the dispute. The objecting party(ies) may object in writing to the Designating Party and must identify the designation (if any) of confidentiality it seeks the Designating Party to consent to. If the dispute cannot be resolved, the objecting party may move for an Order vacating or changing the designation. While such an application is pending, the Discovery Material in question shall be treated as it has been designated by the Designating Party pursuant to this Stipulation and Order. The provisions of this Stipulation and Order are not intended to shift the burden of establishing confidentiality, which shall remain on the Designating Party.

6.    Access to and Use of Protected Material

6.1    Generally. A Receiving Party may use Protected Material and information derived therefrom solely for the purposes of prosecuting, defending, and/or attempting to settle this

litigation, and shall not use it for any other purpose, including without limitation any business, proprietary, commercial, governmental, or litigation purpose. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Order, and must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation and Order. After termination of this litigation, each Receiving Party must comply with the provisions of Section 10, below, regarding final disposition. Nothing in this Order shall bar or otherwise restrict any Counsel from rendering advice to a Party-client in this litigation and, in the course thereof, relying upon such Counsel's examination and/or analysis of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with such Party, Counsel shall not disclose any Protected Material to persons not authorized to receive it pursuant to the terms of this Stipulation and Order.

6.2. <u>Disclosure of Confidential Discovery Material.</u> Unless otherwise ordered by the court or permitted in writing signed by the Designating Party, Discovery Material that is designated as "CONFIDENTIAL" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the following:

(a) Outside Counsel of record in this action, as well as members of their firms, associate attorneys, paralegal, clerical, and other regular employees, as well as temporary employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A;

(b) House Counsel for the Receiving Party, including associate attorneys, paralegal, clerical, and other regular or temporary employees of such counsel to whom it is

-10-

reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A;

(c) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A;

(d) Experts (as defined in this Stipulation and Order) and outside consultants or Industry Experts (as defined in this Stipulation and Order) retained by the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A;

(e) the Court, including the appellate court, court personnel, court reporters;

(f) Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A.

6.3     Disclosure of Highly Confidential -- Attorneys' Eyes Only Discovery Material. Unless otherwise ordered by the court or permitted in writing signed by the Designating Party, Discovery Material that is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to those individuals in sub-sections 6.2(a), 6.2(d), 6.2(e), and 6.2(f), provided however that disclosure to Industry Experts is permitted only to those Industry Experts as to whom the procedures set forth in Section 6.5, below, have been followed.

6.4     "Agreement to Be Bound By Protective Order" (Exhibit A). With the exception of Outside Counsel (including members of their firms, associate attorneys, paralegal, clerical, and other regular employees, but not temporary employees), the Court (including the

-11-

appellate court), court personnel, and court reporters, each person to be given access to Protected

Material shall be provided with a copy of this Stipulation and Order and shall be advised prior to

disclosure (a) that the Protected Material is being disclosed subject to the terms of this Stipulation

and Order and may not be disclosed or used other than pursuant to the terms hereof, and (b) that a

violation of the terms of the Stipulation and Order by use of the Protected Material in any

impermissible manner may subject the person to punishment for contempt of a Court Order.  Prior

to disclosure, each such person must read the Stipulation and Order and must execute, in the form

attached hereto as Exhibit A, an undertaking to be bound by this Order and to be subject to the

jurisdiction of this Court for the purposes of its enforcement (the "Agreement to Be Bound By

Protective Order").  (Each Expert, consultant, or Professional Vendor who signs the Agreement to

Be Bound By Protective Order may disclose Protected Material to its own staff assistants to whom

disclosure is reasonably necessary for this litigation.)  The original of each executed "Agreement to

Be Bound By Protective Order shall be retained by Counsel giving access to the Protected Material.

      6.5     <u>Procedures for Approving Disclosure of Highly Confidential – Attorneys'</u>

<u>Eyes Only Discovery Material to Industry Experts.</u>

      (a)     Unless otherwise ordered by the court or agreed in writing by the

Designating Party, a Party that seeks to disclose to an Industry Expert (as defined in this Order) any

information or item that has been designated "HIGHLY CONFIDENTIAL -- ATTORNEYS'

EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

disclose to the Industry Expert, (2) sets forth the full name of the Industry Expert and the city and

state of his or her primary residence, (3) attaches a copy of the Industry Expert's current resume, (4)

identifies the Industry Expert's current employer(s), (5) identifies each person or entity from whom

the Industry Expert has received compensation for work in his or her areas of expertise or to whom the Industry Expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Industry Expert has provided any professional services during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding sub-section may disclose the subject Protected Material to the identified Industry Expert unless, within seven (7) court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must make a good faith effort to resolve the matter with the Designating Party. If no agreement is reached, the Party seeking to make the disclosure to the Industry Expert may move for an Order seeking permission from the Court to do so. The Party opposing disclosure to the Industry Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Industry Expert.

6.6     Procedures for Disclosure of Protected Material to Non-Party Witnesses. If Protected Material is to be the subject of examination in deposition of non-party witnesses not otherwise entitled access to such information under this Stipulation and Order, the following procedures shall apply:

(a) Protected Information shall not be disclosed to any such person without the Producing Party's prior written consent or oral consent during a deposition on the record, or by order of the Court;

(b) Upon receiving such consent or Court order, the party seeking to disclose Protected Material during a deposition shall obtain the witness's agreement to be bound by this Stipulation and Order and to be subject to the jurisdiction of the Court for its enforcement, either by execution of the Agreement to Be Bound By Protective Order or by agreement given on the record under oath;

(c) The requirements of sub-sections 6.6(a) and 6.6(b) shall not apply if the witness is a present or former employee or consultant of the Producing Party, or if the witness created or received the Protected Information during the course of employment or consultancy;

(d) When Protected Material is to be disclosed or discussed during a deposition, the Producing Party (or Designating Party) may exclude from the deposition any person not entitled to have access to such Protected Material while it is being disclosed or discussed;

(e) Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be designated appropriately and may not be disclosed to anyone except as permitted under this Stipulation and Order.

7.      Unauthorized Disclosure of Protected Material.  If a Party or other individual bound by this Stipulation and Order discloses, by inadvertence or otherwise, Protected Material to any person (or in any circumstances) not authorized under this Stipulation and Order, then, in addition to any penalties to which such person (the "Disclosing Party") may be subject under this Order, the Disclosing Party shall use its best efforts to bind the unauthorized person to the terms of this Stipulation and Order.  Specifically, the Disclosing Party must (a) immediately notify in writing the

-14-

Designating Party of the unauthorized disclosures, including the identity of the Protected Material and the identify of the person(s) to whom it was disclosed; (b) use best efforts to retrieve all copies of documents and things containing the inadvertently disclosed Protected Material; (c) promptly inform the person(s) to whom the unauthorized disclosures were made of all the terms of this Stipulation and Order; (d) request that such person(s) execute the Agreement to Be Bound By Protective Order that is attached hereto as Exhibit A; and (e) promptly serve any executed Agreement to Be Bound By Protective Order on the Designating Party.

8.    <u>Filing Protected Material</u>.    All documents of any nature, including briefs, that contain information or items designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY that are filed with the Court, shall be filed under seal in an envelope or other container marked with the title of the action, the title of the court filing that contains the Protected Information, and a statement substantially in the following form:

> CONFIDENTIAL [or ATTORNEYS' EYES ONLY]
>
> FILED PURSUANT TO A PROTECTIVE ORDER
>
> THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE
> CONTENTS THEREOF TO BE DISPLAYED OR REVEALED
> EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.

9.    <u>Protected Material Subpoenaed or Ordered Produced In Other Litigation</u>.  If anyone covered by this Stipulation and Order is served with a subpoena, demand, order, or legal process in other litigation that seeks to or would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," such person must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena, demand,

order, or legal process. Where practicable, such notification must include a copy of the subpoena, demand, order, or legal process.

Such person also must immediately inform in writing the party who caused the subpoena, demand, order, or legal process to issue in the other litigation that some or all the material at issue is the subject of this Protective Order. In addition, such person must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena, demand, order, or legal process to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena, demand, order, or legal process · issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material -- and nothing in these provisions should be construed as requiring, authorizing or encouraging a served person to disobey a lawful directive from another court.

10.    Final Disposition.    Unless otherwise ordered or agreed in writing by the Producing Party, within one hundred and twenty (120) days after receiving notice of the entry of an Order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received Protected Material must return to Outside Counsel for the Producing Party all such material, including all copies, abstracts, compilations, summaries, or any other form in which the Protected Material is reproduced or captured. With permission in writing from the Producing Party, which permission shall not unreasonably be withheld, the Receiving Party may destroy some or all of the Protected Material instead of returning it, except that backup tapes not routinely available, and which are accessible only in connection with adequate security safeguards, and which would result in great expense to destroy, may be retained by Outside Counsel. Return or destruction

-16-

of the Protected Material shall be at the Receiving Party's expense, except that in the event that the Receiving Party requests permission to destroy some or all of the Protected Material and such permission is denied, return of such Protected Material shall be at the Producing Party's expense. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the one hundred and twenty (120) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the recipient has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Counsel shall make reasonable efforts to ensure that any Experts or consultants it retained abide by this provision.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3, above.

11.     Miscellaneous

11.1    No Waiver: Right to Assert Other Objections.  Entering into, agreeing to, and/or producing or receiving Protected Material or otherwise complying with the terms of this Stipulation and Order shall not:

(a) operate as an admission by any Party that any such Discovery Material contains or reflects trade secrets, proprietary or commercially sensitive information, or any type of confidential information;

(b) operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party

-17-

to be Confidential Discovery Material or Highly Confidential -- Attorneys Eyes Only Discovery Material;

(c) prejudice, waive, or abridge the rights of any Party to object to disclosing or producing any information, documents, or thing on any ground not addressed in this Stipulation and Order;

(d) prejudice, waive, or abridge the rights of any Party to object on any ground to the use in evidence of any document, testimony, or other material subject to this Stipulation and Order;

(e) prejudice, waive, or abridge the rights of any Party to seek a determination by the Court that any Discovery Material should not be subject to the terms of this Stipulation and Order;

(f) prejudice, waive, or abridge the rights of any Party to petition the Court for a further protective order relating to any purportedly confidential information;

(g) prejudice, waive, or abridge the rights of any Party to seek the modification of this Stipulation and Order by the Court in the future;

(h) prejudice, waive, or abridge the rights of any Party to seek an order changing or vacating a designation;

(i) prevent the Parties from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

11.2     Disclosure of A Party's Own Material. Nothing herein shall be construed to limit or restrict a Party's use or disclosure of its own Confidential Discovery Material or Highly Confidential -- Attorneys' Eyes Only Discovery Material for any purpose. Nothing contained herein

shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" obtained lawfully by such Party independently of any proceeding in this action, or which:

(a) was already known to such Party by lawful means prior to acquisition from, or disclosure by, another Party in the action;

(b) is or becomes publicly known by lawful means and through no fault or act of such Party; or

(c) is rightfully received by such Party from a third party which has authority to provide such Protected Material without restriction as to disclosure.

11.3    Additional Parties.    In the event additional parties join or are joined to the action, they shall not have access to Protected Material until the newly-joined party or its counsel has executed and, at the request of any Party, filed with the Court its agreement to be fully bound by this Stipulation and Order or an alternative protective order entered by the Court.

Dated: April 27, 2010

Respectfully Submitted,

PAUL, HASTINGS, JANOFSKY & WALKER, LLP
By:
Robert L. Sherman (RS 5520)

75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 318-6847
robertsherman@paulhastings.com

*Attorneys for Defendant L'Oréal USA, Inc.*

Dated: April 2 2010

KELLEY DRYE & WARREN LLP

By: _____

John M. Callagy (JC 8166)
William Golden (WG 9406)

101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
jcallagy@kelleydrye.com

*Attorneys for Defendant PRL USA Holdings, Inc.*

Dated: April 27 2010

BAKER & HOSTETLER LLP

By: _____

Gerald Ferguson (GF 0370)
Donna Tobin (DT 2430)

45 Rockefeller Plaza
New York, NY 10011
Telephone: (212) 589-4238
Facsimile: (212) 589-42041
gferguson@bakerlaw.com

*Attorneys For Plaintiffs United States Polo Association ,Inc. & USPA Properties, Inc*

SO ORDERED

Dated: April ____, 2010

_____
United States District Judge
5-5-10

-20-

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES POLO ASSOCIATION, INC. and USPA PROPERTIES, INC., <br><br> Plaintiffs, <br><br> - against - <br><br> PRL USA HOLDINGS, INC. and L'ORÉAL USA, INC., <br><br> Defendants. | Civil Action No. 09-9476 (RWS) <br><br><br> AGREEMENT TO BE BOUND BY PROTECTIVE ORDER |

    The undersigned hereby declares under penalty of perjury that I have received, read carefully, and understand the Stipulated Protective Order in the above-captioned action, entered on _____, 2010 by the United States District Court for the Southern District of New York. I agree to comply with and be bound by all the terms of the Stipulated Protective Order and understand that failure to so comply could expose me to sanctions and punishments in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the terms and provisions thereof, and that I will exert best efforts to assure compliance by employees who assist in any work involving material subject to this Stipulation and Order. I further consent to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the Stipulated Protective Order and this Agreement To Be Bound, even if enforcement proceedings occur after termination of this action.

_____    _____

Date             Signature

                Print Name and Address:

                _____

                _____

                _____

                _____

                Employer or Business Affiliation