USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 95
DATE FILED: 3/5/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES POLO ASSOCIATION, INC.,
and USPA PROPERTIES, INC.,

           Plaintiffs,

  -against-

PRL USA HOLDINGS, INC., and
L'ORÉAL USA, INC.,

           Defendants.

------------------------------------------X

09 Civ. 9476 (RSW)

**PERMANENT INJUNCTION AND FINAL JUDGMENT**

WHEREAS this action was instituted by the United States Polo Association, Inc. ("USPA") and USPA Properties, Inc. ("Properties") (collectively, the "USPA Parties" or "Plaintiffs") for a declaratory judgment pursuant to 28 U.S.C. § 2201: (1) that they have the right to license and sell in the United States fragrance products and packaging bearing the Double Horsemen Trademark, "U.S. POLO ASSN.," and "1890," and other products bearing the marks identified in Trademark Application Serial Nos. 77/738,105, 77/760,033 and 77/760,071 on the products identified in those applications; (2) that their use and licensing of such fragrance products and packaging does not violate Section 43(a) and (c) of the Lanham Act, 15 U.S.C. § 1125(a) and (c), nor constitute infringement, dilution or

unfair competition with respect to the rights of the defendants PRL USA Holdings, Inc. ("PRL") and L'Oréal USA, Inc. ("L'Oréal") (collectively, the "PRL Parties" or "Defendants"); and (3) that their use and licensing of such fragrance products and packaging does not violate the common law of the State of New York relating to trademark infringement, unfair competition and trademark dilution;

WHEREAS, the PRL Parties brought counterclaims against the USPA Parties for trademark infringement, unfair competition, and trademark dilution under Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), and for common law trademark infringement, trade dress infringement, trademark dilution, unfair competition, unfair and deceptive practices, and misappropriation in violation of the statutory and common law of each state in which the USPA Parties do business, including New York General Business Law Sections 133, 349 and 360-1, and for injunctive relief; and

WHEREAS, the issues therein have been tried and the Court having issued its Opinion of May 13, 2011 dismissing the

Plaintiffs' claims and granting the PRL Parties injunctive relief;

WHEREAS, the Court has determined that Plaintiffs' use of their Double Horsemen Logo and "U.S. POLO ASSN" used in connection with fragrances infringes the PRL Parties' trademark rights and constitutes unfair competition, and has found in favor of the PRL Parties and against Plaintiffs on the Lanham Act and state law unfair competition claims;

WHEREAS, the Court has determined that the PRL Parties will be irreparably harmed absent the entry of a permanent injunction;

WHEREAS, the Court has determined that the PRL Parties have no adequate remedy at law;

WHEREAS, the Court has determined that the balance of hardships weighs in favor of the PRL Parties;

WHEREAS, the Court has determined that the public interest would be served by the issuance of a permanent injunction;

IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. The Court has jurisdiction over this action and the parties hereto.

2. Plaintiffs' complaint seeking declaratory relief is dismissed.

3. Plaintiffs and their respective subsidiaries, affiliates, officers, agents, employees, licensees, sub-licensees, attorneys and those persons acting in concert with them shall be and are hereby permanently enjoined and restrained from:

    a. Using the Double Horsemen Mark, shown in Exhibit A, alone or in combination with any name, symbol, device or other word(s) in connection with the advertising, promotion, offering for sale or sale of fragrances or related products such as cosmetics, personal care products and beauty products;

4

b. Using the word "POLO" alone or in combination with any name, symbol, device or other word(s) in connection with the advertising, promotion, offering for sale or sale of fragrances or related products such as cosmetics, personal care products and beauty products;

c. Using the PRL marks or any other name or mark, including the image of one or more mounted polo players, that constitutes a colorable imitation of or is confusingly similar to PRL's Polo Player Logo, attached as Exhibit B, or "POLO" word mark in connection with the sale or offering for sale of any goods or rendering of any services;

d. Using for any commercial purpose whatsoever any symbol, logo, trade name, trademark, or trade dress which is calculated to or has the effect of representing that the products or services of or licensed by the USPA Parties are associated with, sponsored, endorsed, or authorized by, or are in any way connected or associated with the PRL Parties or any entity affiliated with them.

4. The U.S. Patent and Trademark Office is hereby ordered to refuse and not to register the marks contained in Trademark Application Serial Nos. 77/760,033, 77/738,105, and

5

77/760,071 and to enter judgment for PRL in the following proceedings:

   a. Opposition No. 91/194,387 against trademark application Serial No. 77/760,071 for the mark U.S. POLO ASSN for goods in International Class 3;

   b. Opposition No. 91/194,385 against trademark application Serial No. 77/760,033 for the Double Horsemen Logo for goods in International Class 3; and

   c. Opposition No. 91/194,384 against trademark application Serial No. 77/739,105 for the mark U.S. POLO ASSN 1890 & Design for goods in International Class 3.

5. Nothing contained herein shall be construed to:

   a. Authorize or grant rights in any form of licensing program undertaken by the USPA Parties or their officers, employees, licensees, agents, or assigns.

   b. Prohibit Plaintiffs, their respective officers, agents, employees, attorneys, and those persons acting in concern with them from using the word "polo" – not as a trademark or indication of origin – to describe or refer to the sport of polo.

6. Plaintiffs shall file with the Court and serve upon the PRL Parties' counsel within (30) days after entry of this permanent injunction, a sworn written statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which Plaintiffs have complied with the injunction, including but not limited to, steps taken by the USPA Parties to notify those bound by this permanent injunction to comply with its terms.

7. The PRL Parties' application for attorneys' fees is denied.

8. This judgment shall be effective immediately upon entry by the Court.

9. The Court shall retain jurisdiction over this action and any enforcement proceeding commenced to assure compliance with this judgment.

It is so ordered.

New York, NY
March  /  , 2012

_____
ROBERT W. SWEET
U.S.D.J.

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON 3/6/12

# Exhibit A

# Exhibit B

